## Johnson v. Glenolden Borough

*Joseph D. Calhoun,* for plaintiff.

*William J. MacCarter, Jr.,* for defendant.

MACDADE, P. J., March 26, 1942.—We have had this matter before us on several occasions. It is not necessary to review our decisions respecting the affidavits of defense in the nature of demurrers. We allowed however the plaintiff to incorporate certain allegations to toll the Act of July 1, 1937, P. L. 2547, 53 PS §2774, which requires six months' notice to municipalities if an action in trespass is to be instituted growing out of a sidewalk accident.

Following the second argument, we reviewed the history, law involved, contentions of respective counsel, and the allowance of filing of a petition for leave to continue with the suit in trespass, and did make an order to put the case on the testimony list, at which time plaintiff and defendant would have opportunities to support the allegations in the petition and answer thereto filed.

On February 25, 1942, such testimony was taken. No witnesses were called by the municipality, but several witnesses, including Lieutenant Sword, of the United States Navy, son-in-law now living with the aged plaintiff, and Frank P. Lawrence, the owner of the property, were called.

We think, after a careful consideration of the testimony thus adduced, that plaintiff should be permitted to proceed with her suit in trespass.

It is admitted by the pleadings that plaintiff is a widow, age 70, residing in Glenolden. Lieutenant Sword, her son-in-law, testified that he was walking with her at the time of the accident, that he helped her when she fell, that a police officer of the Borough of Glenolden, who was directing traffic nearby, took her to the hospital, where she was confined for approximately

ten weeks with a broken leg, just below the hip. Lieutenant Sword further testified that plaintiff, his mother-in-law, was confined to her home for approximately six months thereafter; that arrangements were made for her to have a bed in the living room downstairs; that during this time her husband, who was ill with a stroke in a bedroom upstairs, died; that plaintiff was carried to the funeral. Lieutenant Sword testified that, during this period, he was working in Pittsburgh and was able to return only on certain occasions, at which time his wife, who had moved in to help her mother, the petitioner plaintiff, had had conversations with the Glenolden Borough police officer who had called at the home in regard to the accident, and that he knew of such conversations because he, Lieutenant Sword, had subsequently talked with the police officer. Lieutenant Sword testified that, a few hours following the accident, he had taken pictures of the sidewalk on which plaintiff fell and that, while he was doing so, the police officer came along in the police car, part of which is shown in the picture, and which pictures were identified and put into evidence. Lieutenant Sword also testified concerning the making of certain sketches concerning the scene of the accident, copies of which were offered in evidence.

Lieutenant Sword explained to the court that plaintiff was still in ill health and was unable to come to court to testify, and that his wife, the petitioner's daughter, was at home with plaintiff, the wife being ill, having given birth to a child and having had an operation for appendicitis two days after the birth.

Frank P. Lawrence, witness for the petitioner plaintiff, testified that he had called upon the petitioner plaintiff while she was confined to her home and that at the time of his call the petitioner plaintiff's husband was in a chair. Frank P. Lawrence also testified that he had gone to the meeting of the borough council following the accident for the specific purpose of reporting

the accident and that he did so to a formal meeting of the council, less than a month after the accident. Mr. Lawrence testified that the borough later had fixed his sidewalk. However, subsequently, on cross-examination, it became apparent that the part of the walk the borough fixed was not the part which tripped plaintiff, as alleged through a misapprehension of the facts in plaintiff's petition.

The testimony of plaintiff's witnesses substantiates all the essential paragraphs of her petition, and said testimony was not contradicted by any witnesses for defendant.

We are of the opinion that the Borough of Glenolden had sufficient notice of the accident, that such notice substantially met the provisions of the act, that her failure to give formal written notice within a six-month period was due to reasonable grounds as explained in the testimony of her witnesses, that no abuse of the processes of the law has been undertaken by her, and no harm rendered to any defense the municipality might make in the suit instituted; and, therefore, the petitioner plaintiff should have and is hereby given leave to proceed with the trespass action instituted. The law supports the contentions of petitioner.

As the court said in Lutz v. Scranton, 140 Pa. Superior Ct. 139, 143, "This Act is to be construed as far as possible so as not to change or impair rights, liabilities or principles of law as they existed prior to its enactment."

To deprive the petitioner plaintiff in the instant case of her right of action against this municipality, under the conditions involved, is to deprive her of a constitutional right and to say to her in effect: "We limit your right to sue to the six months which you spent in bed with a broken leg, and during which time your husband died."

In Bubb v. City of Sunbury, 37 D. & C. 399, where a police officer had taken plaintiff to the hospital, the

court well stated the purpose of the act of assembly, when it said (p. 404):

"We agree with Judge MacDade of the Court of Common Pleas of Delaware County and other judges that the legislature had in mind in passing the Act of 1937, that 'there was a mischief to be remedied of having stale claims brought against a municipality long after there was any chance for it to secure witnesses, and the object to be attained was the giving of notice to the municipality in time to prepare a defense': Wilson v. City of Chester, 37 D. & C. 37, 42."

Certainly, in the case now before this court, the Borough of Glenolden is not the object of any mischief to be remedied. A formal meeting of the council was advised of the accident; the borough policeman had all the information and all the petitioner plaintiff is asking for is permission to submit her case and have her day in court.

The facts, as shown, constitute a reasonable excuse in any event for failure to file a notice in writing of a claim against the municipality, based on negligence and within six months as is required by the Act of July 1, 1937, P. L. 2547, supra. The provisions of the act are:

"That hereafter any person . . . claiming damages from any . . . borough . . . arising from the negligence of such municipality . . . shall, within six (6) months from the date of origin of such claim or within six (6) months from the date of the negligence complained of, file in the office of the clerk or secretary of such municipality a notice in writing of such claim, stating briefly the facts upon which the claim is based. Such notice shall be signed by the person or persons claiming damages or their representatives. No cause of action may be validly entered of record where there was a failure to file such notice within the time required by this act, except leave of court to enter such action upon a showing of a reasonable excuse for such failure to file said notice shall first have been secured."

We think the statute should be so construed as not to require the impossible from the injured plaintiff. The Legislature of Pennsylvania, evidently foreseeing these difficulties, provided, in effect, that the court could relieve plaintiff for her failure to do the precedent act, upon her showing a reasonable excuse for such failures, that is a plea offering extenuation of the default or neglect, and in the light of the decisions in other courts showing circumstances whereby it would be impossible, materially harmful or dangerous for or to the injured person to require strict compliance with the requirements of the statute. See Weisshaar v. Yeadon Borough, 29 Del. Co. 396, and Johnston v. Canonsburg Borough, 34 D. & C. 123.

We have given this proceeding our careful consideration, and in view of what we have said we believe plaintiff has offered the "reasonable excuse" required by the Act of Assembly of 1937, supra, and that her petition should be granted.